## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FREDERICK BILL YAZZIE,

      Petitioner,

  vs.                                    Civ. No. 03-0963 JH/LCS

LANE BLAIR,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSTION

**THIS MATTER** is before the Court upon Mr. Yazzie's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed August 18, 2003. Doc.1. Respondent filed a Motion to Dismiss on December 1, 2003. Doc. 14. Petitioner filed his Response with request for appointment of counsel and an evidentiary hearing on February 20, 2004. Docs. 18, 19. Petitioner is proceeding *pro se* and *in forma pauperis*. Upon consideration of the Petition, the Motion to Dismiss, and the applicable law, the Court recommends that the Motion to Dismiss Petition for Writ of Habeas Corpus be **GRANTED**, that the Motion for Evidentiary Hearing be **DENIED**, and that Petition for Writ of Habeas Corpus with be **DISMISSED WITH PREJUDICE**.

### Proposed Findings

### I.     Background

1.     On the morning of August 1, 2000, between 5:00 a.m. and 5:30 a.m. Mr. Yazzie walked from the home of his sister, Patricia, to the home of his friend, Hank Castillo.[1] Mr. Castillo's

---

[1] The Court views the facts in the "light most favorable to the prosecution." *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Maes v. Thomas,* 46 F.3d 979, 988 (10th Cir. 1995). Further, the Court briefly sets out the facts after

home could be seen from Patricia's home.  Petitioner came over to Mr. Castillo's home in order to give Mr. Castillo something to eat for lunch later in the day.  At the time Mr. Yazzie arrived at Mr. Castillo's home, Mr. Castillo's thirteen year old  daughter, Charity Castillo, was asleep on the sofa in the living room.  Petitioner inquired as to the identity of Charity and Mr. Castillo responded that the girl was his daughter.  Petitioner and Mr. Castillo left Mr. Castillo's home together at approximately 5:45 a.m.

2.      At about 6:30 a.m. Petitioner called  Mr. Castillo's house and told Charity that he needed to get his beer that was left behind at Mr. Castillo's home.  Charity told Petitioner that he should get it later when her father was home.  About five minutes later, Charity heard a knock on the door and it was Mr. Yazzie.  She knew he was a friend of her father's but she had not met him previously.  She went inside the kitchen to look for the beer but could not find it.  As she went to tell Mr. Yazzie that she could not find it, he came into the house and sat on the sofa.  Charity became uncomfortable and asked him to leave.  He would not leave even after numerous requests from Charity that he do so.  Charity ran out of the house in an attempt to escape Petitioner and he followed her outside.  He grabbed her and proceeded to put his hand over her mouth so that she could not scream.  He then picked her up and took her back into the house.

3.      Petitioner threw Charity against a sofa and tied her hands and feet together.  He also stuffed a blanket in her mouth so that she could not scream.  He repeatedly hit her on the side of her head.  Mr. Yazzie ripped off her shorts and underwear and proceeded to rape her for approximately three hours.  He threatened to kill her and her family if she told anyone what happened.  He left abruptly and Charity was still tied up when he left.  She managed to untie herself and went to a friend's house.  As the day wore on, she eventually told her friend's mother what had happened and

---

thoroughly reviewing the trial tapes. Trial 9/18/01-9/20/01, Tapes H423-H440.

her friend's mother notified the police.  Charity identified Petitioner in open court as the man who had raped her and medical evidence suggested that she had been raped vaginally and anally.

4.      On August 18, 2003, Petitioner filed his Petition for Writ of Habeas Corpus. Doc. 1. Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus, with supporting memoranda, on December 1, 2003.  Docs.14, 15.  Petitioner filed his Response, with supporting memoranda including a request for evidentiary hearing and appointment of counsel, on February 20, 2004.  Docs. 18, 19.  On April 1, 2004, the Court ordered Respondent to ensure that all state records be sent to this Court by May 10, 2004.  Doc. 20.  The Record Proper was received on April 21, 2004.

## II.     Petitioner's State Court Proceedings

5.      Petitioner is currently incarcerated pursuant to a valid Judgment, Sentence and Commitment to the Department of Corrections, dated September 27, 2001.  RP 213-218.  Judgment was entered in the Eleventh Judicial District Court for the County of San Juan, State of New Mexico. Petitioner was convicted of two counts of criminal sexual penetration, aggravated residential burglary, aggravated battery, kidnapping, intimidation of a witness, and assault with intent to commit a violent felony.  *Id.* at 214.  He was also found to be a habitual criminal offender with one prior felony conviction. *Id.* at 215.  Petitioner was sentenced by the Honorable George Harrison to a total term of thirty nine years to be followed by five years on parole. *Id.* at 218.  Petitioner was further required to register as a sex offender in the county in which he resided.  *Id.*

6.      Petitioner, through counsel Alan E. Whitehead, Esq., appealed his conviction to the New Mexico Court of Appeals.  RP 224.  In his docketing statement, he asserted that the trial court erred in 1) denying the oral request of Maria Dominguez, Petitioner's original  appointed counsel, for a change of venue, 2) that the trial court erred in denying Petitioner's requests to replace Mr.

3

Whitehead as counsel due to potential conflict of interest, 3) that the trial court erred in replacing a juror with an alternate juror after the jury had been empaneled and sworn in, and 4) that Petitioner was denied effective assistance of counsel when his attorneys refused to file motions that Petitioner wanted filed, including a motion to change venue and a motion to suppress physical evidence that was seized as the result of a search warrant. RP 241-242.

   7.  On January 15, 2002, the New Mexico Court of Appeals assigned the case to its summary calendar and proposed to affirm the lower court's conviction. RP 249-256. On the issue of change of venue, the Court of Appeals noted that neither the record nor the docketing statement contained any facts suggesting that the notoriety of the case required a change of venue. RP 250. The Court further noted that the mere fact that a local newspaper and television station falsely reported that Petitioner pleaded guilty and was sentenced to prison sometime before December 11, 2000 when the case was not tried until September of that year did not indicate that the jury panel was so tainted that removal of any jurors who had knowledge of the media report would not have been sufficient. RP 250. With regard to the alleged conflict of interest between Petitioner and counsel, Alan E. Whitehead, the Court noted that an actual conflict of interest must exist, and that such conflict must be significant such that it adversely affects counsel's representation. RP 252. Petitioner failed to demonstrate an actual conflict and further, he did not demonstrate that the alleged conflict adversely affected him. RP. 252-253. As to Petitioner's third ground, the Court noted that a juror was excused after the jury was sworn but before any testimony was given but said juror said his personal and religious views would make it difficult for him to sit in judgment of another person. RP 254-255. As such, the Court could find no abuse of discretion when the trial court excused the juror because his views impaired his ability to faithfully and impartially apply the law. RP 255. As to

4

Petitioner's final grounds, the Court noted that Maria Dominguez had made an unsuccessful attempt to change venue and since the Court already found such a motion to be without merit, Mr. Whitehead was not ineffective for failing to raise a meritless issue.  RP 256.  Finally, as to Mr. Whitehead's failure to file a motion to suppress hair and bodily samples that were obtained through a search warrant, the Court found that such samples are permissible and do no violate constitutional rights. As such, Mr. Whitehead was not ineffective for failing to file a motion to suppress since such a motion was not viable.  RP 256.

       8.      Petitioner, through counsel Will O'Connell, filed a memorandum in opposition to the proposed affirmance and attempted to amend the docketing statement by raising additional issues including several ineffective assistance of counsel claims: 1) Mr. Whitehead failed to procure the testimony of an additional alibi witness, 2) Mr. Whitehead failed to procure the testimony of an expert witness to counter the State's physician expert, 3) Mr. Whitehead failed to challenge the State's failure to comply with discovery, 4) Mr. Whitehead did not consult with Petitioner before agreeing to a September trial date, and 5) Mr. Whitehead did not adequately cross-examine the victim. Answer Ex. E at 7-8.  Moreover, Petitioner alleged that the trial court erred in appointing interpreters who could not objectively aid a Navajo-speaking juror and that Petitioner was not allowed to be personally present during a part of the proceedings.  Answer Ex. E at 8.  On May 9, 2002 the New Mexico Court of Appeals affirmed the lower court's conviction on the same grounds as outlined in the proposed affirmance and denied Petitioner's Motion to amend his appeal because as the record stood at that time, the additional issues were without merit or could not be addressed on direct appeal.  RP 258-264.  Petitioner sought review by the Supreme Court of New Mexico which was denied by Order of June 25, 2002.  Answer Ex. H.

9.     On May 12, 2003, Petitioner filed a petition for writ of habeas corpus in the Eleventh

Judicial District Court of New Mexico.  RP 282-311.  Petitioner alleged many errors.  He alleged that

he suffered ineffective assistance counsel, that the State engaged in prosecutorial misconduct, that

the trial court made several errors, that there was insufficient evidence to support his conviction, that

the sentence that was imposed was illegal, and that he was denied effective assistance of counsel on

appeal.  *Id.*  Petitioner's specific claims are as follows:

Ineffective Assistance of Counsel by Maria Rodriguez:
a.  counsel failed to establish an alibi
b.  counsel failed to investigate and/or abandoned best defense
c.  counsel failed to move for discovery which limited the ability to prepare defense
d.  counsel failed to file a motion to suppress evidence taken from Petitioner's person without a valid search warrant
e.  counsel failed to investigate the case
f.  counsel failed to move for a dismissal of case when the physical evidence did not link Petitioner to the crime

Ineffective Assistance of Counsel by Bruce Fox:
a.  counsel was unprepared
b.  counsel was unwilling to defend Petitioner

Ineffective Assistance of Counsel by Alan E. Whitehead:
a.  counsel did not file a motion to change venue
b.  counsel did not file a motion to suppress evidence seized by an invalid search warrant
c.  counsel did not get help from a medical expert
d.  counsel was unprepared
e.  counsel did not verify the certification of the Court's translator
f.  counsel failed to file a motion to suppress undisclosed exhibits
g.  counsel failed to refer to police reports and grand jury testimony during witness testimony for impeachment purposes
h.  counsel did not call witnesses who would have testified about the credibility of the State's witnesses
i.  counsel failed to call witnesses who would have presented an alibi

Prosecutorial Misconduct:
a.  the State tested a large amount of evidence but did not provide it to defense for independent testing
b.  said evidence was obtained without a valid search warrant

6

c.  the State should have moved for a change of venue
d.  the State did not stop witnesses from testifying in ways that were inconsistent with their grand jury testimony or their testimony to police
e.  the State failed to notify defense of its intent to use exhibits at trial
f.  the State introduced physical evidence taken from the crime scene
g.  the jury was given evidence while deliberating

Judicial Misconduct:
a.  the court erred in denying Petitioner's Motion for a change of venue
b.  the court failed to enforce two discovery motions filed by defense counsel
c.  defense was unable to adequately prepare when the court moved the trial date from November 2001 to September 2001
d.  the court allowed the State, without notifying the Court or defense, to enter and use exhibits during the trial
e.  Judge Harrison's resignation indicated that he abused his authority as a trial judge

Insufficient Evidence to Support Conviction:
a.  the State's witnesses were not credible and jury could not have found for State

Sentence was Illegal:
a.  the court improperly imposed two consecutive sentences for two counts of criminal sexual penetration, in violation of the double jeopardy clause
b.  the court improperly imposed one year enhancements on six separate counts when they should have been treated as one charge for the purpose of habitual enhancement

Ineffective Assistance of Counsel by Will O'Connell on Appeal:
a.  there was a conflict of interest between Will O'Connell and Petitioner
b.  Petitioner was unaware of the issues counsel raised on appeal

*Id.*  On May 13, 2003, by Order of the District Court, Judge Thomas J. Hynes denied relief on the ground that "it plainly appears from the face of the Petition, any annexed exhibits and the prior proceedings in the case that the Defendant is not entitled to relief as a matter of law."  RP 312.  On June 10, 2003, Petitioner filed a Petition for Writ of Certiorari to the Supreme Court of New Mexico. Answer Ex. L.  The Supreme Court of New Mexico denied this petition on June 18, 2003.  Answer Ex. M.

### III.     Petitioner's Federal Petition and Respondent's Motion to Dismiss

10.     Petitioner's convictions became final on June 18, 2003 after denial of certiorari by the New Mexico Supreme Court.  Answer Ex. M.  *See Rhine v. Boone*, 182 F.3d 1153, 1156 (10th Cir. 1999)(holding that a state post conviction proceeding is final after the state's highest court has addressed the application for purposes of § 2254(d)(2)).  The one-year limitation period for filing a federal habeas corpus petition began to run on that date.  28 U.S.C. § 2244(d)(1)(a).  Thus, the § 2254 petition, filed August 13, 2003 (Doc. 1), was filed within one year of June 18, 2003 and is timely.

11.     Petitioner's federal petition is identical to his state petition and addresses verbatim the same claims as outlined above.  Doc. 1.  As such, the court will not relist the claims since they have been laid out in full detail above.  In the Motion to Dismiss, filed on December 1, 2003, Respondent argues that Petitioner's Application be dismissed with prejudice.  Doc. 14.  In its supporting memoranda, Respondent argues that the ineffective assistance of counsel claims are either moot, are correctly decided on the merits in state court, or even if some factual allegations are taken as true, they do not establish a deprivation of the constitutional right to effective assistance of counsel.  Doc. 15 at 21.  As to prosecutorial and judicial misconduct, Respondent claims that even if Petitioner's allegations are taken as true, they do not establish either prosecutorial or judicial misconduct.  *Id.* Respondent states that Petitioner's challenge to the sufficiency of the evidence is requiring the court to make credibility determinations, which it cannot do.  *Id.*  Respondent argues that Petitioner's challenge to the legality of his sentence was procedurally defaulted.  *Id.*  Finally, Respondent alleges that the Petitioner does not cite any facts that would raise an issue of inneffective assistance of

counsel on appeal. *Id.* at 22. In his Response filed on February 20, 2004, Petitioner requested an evidentiary hearing. Doc. 18.

### State Court Decision on the Merits

12.     Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision will be an "unreasonable application of" federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Id.* Further, a federal court "cannot grant relief under AEDPA by conducting [its] own independent inquiry into whether the state court was correct as a *de novo* matter. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied the law incorrectly." *Yarborough v.*

*Alvarado*, 124 S. Ct. 2140, 2150 (2004).[2] In short, the AEDPA bars a federal habeas court from granting relief unless the state court decision involves either 1) application of incorrect legal standards or principles; or 2) an objectively unreasonable application of the correct legal standard or principle. Finally, Petitioner bears the burden to establish by clear and convincing evidence that the state court determination was incorrect.  28 U.S.C. § 2254(e)(1).

### INEFFECTIVE ASSISTANCE OF COUNSEL

13.     Petitioner states many claims of ineffective assistance against various trial counsel; Petitioner's claims of ineffective assistance of appellate counsel will be addressed later.[3]  The court will take a moment to detail the chronology of Petitioner's trial counsel before addressing each of the claims.  On August 3, 2000, the trial court appointed the Public Defender Department to reprsent Petitioner; Petitioner was represented by Maria Dominguez.  RP 39.  On January 26, 2001, Bruce Fox, also from the Public Defender Department, replaced Maria Dominguez.  RP 57.  On  April 2, 2001, Alan E. Whitehead, of Fortner Thrower & Whitehead LLC, replaced Bruce Fox as Petitioner's counsel.  RP 82.  Mr. Whitehead remained Petitioner's counsel through trial which took place from September 18, 2001 to September 20, 2001.

14.     The test for making a claim of constitutionally ineffective assistance of counsel was set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must satisfy a two-part test in order to prevail on an ineffective assistance of counsel claim.  *Strickland*, 466 U.S. at 687-88.  First, the petitioner must demonstrate

---

[2] Note that this has substantially been the position of the Tenth Circuit since 2003.  *See McLuckie v. Abbott*, 337 F.3d 1193 (10th Cir. 2003).

[3] *See infra* pp. 35-37.

that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Id.*  In applying this test, the Court must give considerable deference to an attorney's strategic decisions and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  In applying the *Strickland* test, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*  To succeed under the first prong, a petitioner must overcome the presumption that counsel's conduct was constitutionally effective. *Hung Thanh Le v. Mullin*, 311 F.3d 1002, 1025 (10th Cir.2002). For counsel's performance to be constitutionally ineffective, it must have been "completely unreasonable, not merely wrong . . . ." *See Hoxsie v. Kerby*, 108 F.3d 1239,1246 (10th Cir. 1997) (quoting *Hatch v. Oklahoma*, 58 F.3d 1447, 1459 (10th Cir. 1995)). Second, a habeas petitioner must demonstrate that the trial counsel's deficient performance prejudiced him, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

15.     It is not enough for a federal habeas court to be convinced that the state court applied *Strickland* incorrectly; as indicated above, the state court's decision must have been objectively unreasonable.

As the Supreme Court has noted:

Under § 2245(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.

*Woodford v. Visciotti*, 537 U.S.19, 27 (2002). Moreover, "it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An 'unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* at 25 (citing *Williams*, 529 U.S. at 410). The Court must "presume state court factual findings are correct, absent clear and convincing proof to the contrary." *Romano v. Gibson*, 278 F.3d 1145, 1150 (10th Cir. 2002)(citing 28 U.S.C. § 2254(e)(1)). The burden is thereafter placed on the petitioner to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hooper v. Mullin*, 314 F.3d 1162, 1167 (10th Cir. 2002).

### Maria Rodriguez and Bruce Fox

16.    As noted above, Maria Rodriguez was Petitioner's trial counsel from about August 30, 2000 until January 6, 2001, when Bruce Fox replaced her as counsel. RP 39. Mr. Fox remained Petitioner's counsel until April 2, 2001. RP 82. Petitioner alleges six instances of ineffective assistance of counsel against Ms. Rodriguez: 1) counsel failed to establish an alibi, 2) counsel failed to investigate and/or abandoned the best defense, 3) counsel failed to move for discovery which limited the ability to prepare defense, 4) counsel failed to file a motion to suppress evidence taken from Petitioner's person without a valid search warrant, 5) counsel failed to investigate the case, and 6) counsel failed to move for a dismissal of case when the physical evidence did not link Petitioner to the crime. Doc. 1 at 4a, pp. 1-2. Petitioner alleges Mr. Fox was ineffective because he was not

prepared and was unwilling to defend Petitioner. *Id* at 4a, p. 4. Both Ms. Rodriguez and Mr. Fox were relieved as Petitioner's counsel well prior to trial; however, if Petitioner can show that they did not act as reasonable attorneys and such actions materially effected the outcome of the trial, he can still make a successful claim of ineffective assistance of counsel against them. *Strickland*, 466 U.S. at 687-88, 694. As discussed further below, the claims against Ms. Rodriguez nor Mr. Fox have any merit and should be dismissed.

17.     A federal court owes deference even to a summary decision by a state court if the decision was reached on substantive rather than procedural grounds, unless the state court decision contravenes clearly established federal law. *See Aycox v. Lytle*, 196 F.3d 1174,1177-78 (10th Cir. 1999); *and Van Woudenberg v. Gibson*, 211 F.3d 560, 569 (10th Cir. 2000) (noting that "while its treatment of the issue was cursory, the state court indicated it was disposing of the claim on the merits"). Each of the above ineffective assistance of counsel claims were disposed of in Petitioner's state habeas petition on the ground that "it plainly appears from the face of the Petition, any annexed exhibits and the prior proceedings in the case that [Petitioner] is not entitled to relief as a matter of law." RP 312. The record suggests that the state court treated Petitioner's claim on the merits. As such, the state court decision shall be given deference unless it contravenes clearly established federal law. *Aycox*, 196 F.3d at 1177-78. As discussed further below, Petitioner fails to show through clear and convincing evidence that the state court decision contravenes federal law to wit, *Strickland v. Washington*, 466 U.S. at 687-88, 694. Therefore, I recommend that the petition for writ of habeas corpus with regard to Petioner's claims of ineffective assistance of counsel against Ms. Rodriguez and Mr. Fox be denied.

18.     Petitioner's claim that Ms. Rodriguez should have moved for a dismissal of the case because the physical evidence did not link Petitioner to the crime is not ineffective assistance of counsel because such a motion would have been without merit.  *See* Doc. 1 at 4a, pp. 1-2.  Once Petitioner was indicted by the grand jury and there was a determination of probable cause, the next step is a trial, and it was for the jury to decide at trial whether Petitioner was guilty or innocent despite the lack of physical evidence linking Petitioner to the crime.  Because Ms. Rodriguez could not have successfully filed a motion for dismissal of the case, it was not ineffective assistance of counsel not to do so; Ms. Rodriguez acted a reasonable attorney and her actions did not prejudice Petitioner.  *Strickland*, 466 U.S. 687-88, 694.  Thus, the state court decision shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law as required by 28 U.S.C. § 2254 and the AEDPA.  RP 312; *Strickland*, 466 U.S. at 687-88, 694; *Aycox*, 196 F.3d at 1177-78.

19.     Petitioner alleges that Ms. Dominguez should have filed a motion to suppress hair and blood samples taken from him without a valid search warrant.  Doc. 1 at 4a, p. 2.  Plaintiff does not allege that the underlying affidavit, signed by Jason Nagl and which gave rise to the search warrant, does not contain independent and lawful information to show probable cause; rather, he states that the search warrant "had only been partially completed" and that the "time of issuance had been changed to coincide with the time of the issuing judge's signing."[4]  Reviewing the record, it does not

---

[4] The New Mexico Court of Appeals addressed Petitioner's specific allegation of failure of counsel to file a motion to suppress as it pertained to Alan Whitehead.  In its proposed summary disposition, the Court correctly noted that generally, obtaining samples of blood and bodily fluid is permissible and does not violate constitutional rights provided that it is reasonable or that the circumstances are exigent if warrantless. RP 256; *Schmerber v. California*, 384 U.S. 757 (1966); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1206 (10th Cir. 2003).  Thus, to the extent that Petitioner is alleging that that the subject of the search warrant was unconstitutional because it allowed the collection of material from Petitioner that contained DNA evidence, he has no constitutional claim, as the search was reasonable given the circumstances.  *Id.*

appear that the search warrant has been altered; further, it is not error for the district judge to record the time of issuance accurately. RP 50-51. Thus, Ms. Rodriguez need not have filed a motion to suppress evidence that was legally obtained and it was not ineffective assistance of counsel for her not to do so. *Strickland*, 466 U.S. at 687-88, 694. Moreover, even assuming that the search warrant was invalid and the hair and blood samples were taken from Petitioner without a valid search warrant, Petitioner fails to show that evidence prejudiced him, as it was exculpatory rather than inculpatory. Trial 9/18/01, Tapes H431-H432; *Strickland*, 466 U.S. at 694. Susan Scholl, who conducted various tests comparing the evidence collected from the crime scene with Petitioner's hair and blood samples, testified that there was no DNA evidence linking Petitioner to the evidence at the crime scene. Trial 9/18/01, Tapes H431-H432. In sum, Ms. Rodriguez was not ineffective for failing to file a motion to suppress evidence that was legally obtained, and even assuming the evidence was illegally obtained, Petitioner fails to show prejudice as required by *Strickland* since the evidence that was obtained was exculpatory. *Strickland*, 466 U.S. at 687-88, 694. Again, the conclusory state court decision shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law as required by 28 U.S.C. § 2254 and the AEDPA. RP 312; *Strickland*, 466 U.S. at 687-88, 694; *Aycox*, 196 F.3d at 1177-78.

20.     Petitioner's claims that Ms. Rodriguez failed to establish an alibi, failed to investigate the best defense, failed to move for discovery, and failed to investigate the case and his claims that Mr. Fox was unprepared and was unwilling to defend him were first raised in his state petition and were denied on the ground that "Petitioner is not entitled to relief as a matter of law." RP 312. Each claim fails to meet the first prong of the *Strickland* test; that is, Petitioner has failed to show that Ms. Rodriguez's and Mr. Fox's "performance was deficient" or "fell below an objective standard of

15

reasonableness." Doc. 1 at 4a, pp. 1-2, 4; *Strickland*, 466 U.S. at 687-88.  Petitioner does not indicate specifically who would have established an alibi; he does not indicate what defense Ms. Rodriguez should have investigated; he does not indicate what discovery she should have requested; he does not indicate how her investigation of the case was insufficient, and he does not indicate how Mr. Fox was unprepared and unwilling to defend him. *See* Doc. 1.  Moreover, Petitioner presents no sworn testimony from potential alibi witnesses, nor does he show that such witnesses would have testified at trial. *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990).  As such, Petitioner's allegations are conclusory and fail to show that either Ms. Rodriguez's or Mr. Fox's performance was completely unreasonable and fails to meet his burden under the first prong of *Strickland* test. *Hoxsie*, 108 F.3d at 1246 (internal citation omitted); *Strickland*, 466 U.S. at 687-88.

21.    Even if the Court assumes that Ms. Rodriguez's and Mr. Fox's performance was deficient and fell below an objective standard of reasonableness, each of Petitioner's claims fails the second prong of the *Strickland* test where Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Petitioner fails to show how Ms. Rodriguez's failure to procure an alibi witness prejudiced him since at trial Mr. Whitehead introduced the testimony of four alibi witnesses: Patricia Yazzie, Priscilla Yazzie, Vangie Valdez, and Seragio Hood.  Trial 9/19/2001, Tapes H435-H437.  Assuming Petitioner's "best defense" was alibi testimony, again, Petitioner is not prejudiced by Ms. Rodriguez's failure to investigate possible alibi testimony since Mr. Whitehead did present it at trial. *Id.*  As for Ms. Rodriguez's failure to file motions for discovery, Petitioner again is not prejudiced as Mr. Whitehead indicated prior to trial  that the defense had all of the discovery it had requested.  Trial 9/11/01, Tape H413.  As to Ms. Rodriguez's failure to investigate the case and Mr.

Fox's unpreparedness and unwillingness to defend Petitioner, Petitioner again fails to show how he was prejudiced; Mr. Whitehead was confident that he had all the discovery he needed before trial and was in fact prepared to go to trial; thus Ms. Rodriguez's and Mr. Fox's alleged unpreparedness and haphazard approach to defending Petitioner did not prejudice him. *Id.* Petitioner fails to show that either Ms. Rodriguez or Mr. Fox actions resulted in prejudice, as required by *Strickland* and the state court decision, though cursory, shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law as required by 28 U.S.C. § 2254 and the AEDPA. RP 312; *Strickland*, 466 U.S. at 694; *Aycox*, 196 F.3d at 1177-78. Therefore, I recommend that the petition for writ of habeas corpus with regard to Petitioner's claims of ineffective assistance of counsel against Ms. Rodriguez and Mr. Fox be denied.

**Alan E. Whitehead**

22.     On April 2, 2001, Alan E. Whitehead, became Petitioner's counsel and remained Petitioner's counsel through the trial and he also filed a notice of appeal with supporting docketing statement on behalf of Petitioner. RP 82, 224, 241-242. Petitioner lists nine claims of ineffective assistance of counsel against Mr. Whitehead: 1) counsel failed to file a motion to change venue, 2) counsel did not file a motion to suppress evidence seized by an invalid search warrant, 3) counsel did not seek testimony from a medical expert, 4) counsel was unprepared, 5) counsel did not verify the certification of the Court's translator, 6) counsel failed to file a motion to suppress trial exhibits that had not been disclosed to defense by the State, 7) counsel failed to refer to police reports and grand jury testimony during witness testimony, 8) counsel did not call witnesses who would have testified about the credibility of the State's witnesses, and 9) counsel failed to call witnesses would would have presented Petitioner with an alibi defense. *See* Doc. 1 at 4a, pp. 5-8.

17

23.     As outlined in detail above, in order to prevail on an ineffective assistance of counsel claim, Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that Petitioner was prejudiced thereby, meaning that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694.  Further, it is not enough for a  federal habeas court to be convinced that the state court applied *Strickland* incorrectly;  the state court's decision must have been objectively unreasonable. *Woodford v. Visciotti*, 537 U.S.19, 27 (2002).  The Court must presume that state findings are correct and it is the Petitioner's burden to rebut that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Romano*, 278 F.3d at 1150; *Hooper*, 314 F. 3d at 1167.   Finally, a federal court owes deference even to a summary decision by a state court if the decision was reached on substantive rather than procedural grounds, unless the state court decision contravenes clearly established federal law.  *See Aycox,* 196 F.3d at 1177-78.

**A.  Motion to Change Venue**

24.     Petitioner states that it was ineffective asssistance of counsel for Mr. Whitehead not to seek a motion to change venue.  Doc. 1 at 4a, p. 5.  Petitioner raised this issue when appealing his conviction and the  New Mexico Court of Appeals proposed to affirm stating that Petitioner's first counsel, Maria Rodriguez, addressed a possible motion to change of venue with the trial court and the trial court's decision, that if such a motion was filed it would be denied, was proper.[5]   RP 250, 255-256.  Further, the Court failed to see how renewing "a motion to change venue that had already

_____

[5] Ms. Dominguez orally addressed the court on the issue of changing venue because there had been a report on television and in the local newspaper that Petitioner had been convicted.  Judge Harrison indicated that a motion to change venue would be denied on the ground that the voir dire process is a sufficient method for dismissing potential jurors who heard the reports.  Trial 12/11/0, Tape H657.

been raised by prior counsel, and rejected, constituted ineffective assistance of counsel." *Id.* In its Memorandum Opinion, the Court of Appeals relied on this same reasoning for rejecting Petitioner's ineffective assistance of counsel claim. RP 260. In reaching its decision regarding the ineffective assistance of counsel claim, the New Mexico Court of Appeals applied the standard set forth in *State v. Talley* which cites the *Strickland* standard. *State v. Talley*, 103 N.M. 33, 35-36 (Ct. App. 1985). The Court of Appeals conclusion with regard to this matter was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law. RP 256; *Fields v. Gibson*, 277 F.3d 1203, 1217 (10th Cir. 2002). The Court must presume that state findings are correct and it is the Petitioner's burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Romano*, 278 F.3d at 1150; *Hooper*, 314 F. 3d at 1167. Substitution of the federal court's judgment for that of the state court would contravene the AEDPA's statutory mandate. *Yarborough*, 124 S.Ct. at 2150, and *McLuckie v. Abbott*, 337 F.3d 1193 (10th Cir. 2003). Even if my opinion was contrary to that of the New Mexico Court of Appeals, it would be inappropriate to substitute this court's opinion with that of the Court of Appeals. *Id.* As such, Petitioner is not entitled to relief on his claim that Mr. Whitehead was ineffective for failing to file a motion to change venue.[6]

---

[6]The Court notes that if a motion to change venue was filed on behalf of Petitioner and the trial court denied such a motion, the Petitioner would have had to demonstrate either actual prejudice or a presumption of prejudice as a result of the denial. *Brecheen v. Reynolds*, 41 F.3d 1343, 1351 (10th Cir. 1994). In order to show prejudice, Petitioner would have to point to some sort of proof such as "actual hostility or impartiality by the jurors." *Id.* Petitioner does not offer any sort of such evidence and a renewed motion to change venue would have been without merit and as a result would not have been granted. Therefore, Petitioner could not have been prejudiced by Mr. Whitehead's failure to file such a motion.

**B.  Motion to Suppress Evidence**

25.     The failure of counsel to file a motion to suppress hair and blood samples that were collected pursuant to a search warrant has been fully discussed with regard to Ms. Rodriguez.[7]  As such, the court will not repeat its reasoning but will highlight once again that the Court of Appeals conclusion with regard to this matter was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law.  RP 256; *Fields*, 277 F.3d at 1217.  The Court must presume that state findings are correct and it is the Petitioner's burden to rebut that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Romano*, 278 F.3d at 1150; *Hooper*, 314 F. 3d at 1167.  Substitution of the federal court's judgment for that of the state court would contravene the AEDPA's statutory mandate.  *Yarborough*, 124 S.Ct. at 2150, and *McLuckie v. Abbott*, 337 F.3d 1193 (10th Cir. 2003).  Even if my opinion was contrary to that of the New Mexico Court of Appeals, it would be inappropriate to substitute this court's opinion for that of the Court of Appeals.  *Id.*  As such, Petitioner is not entitled to relief on his claim that Mr. Whitehead was ineffective for failing to file a motion to suppress the hair and blood samples taken from Petitioner pursuant to a valid search warrant.

**C.  Translator Certification, Testimony from Medical Expert, Unprepared, Alibi Testimony, Motion to Suppress Trial Exhibits, Impeachment of Witnesses, Witnesses to Attack Credibility of State's Witnesses**

26.     Petitioner claims that Mr. Whitehead failed to verify the certification of the court's translators, failed to elicit testimony from a medical expert, failed to call witnesses who would have provided an alibi defense, failed to file a motion to suppress the prosecution's allegedly undisclosed

---

[7] See infra pp. 14-15 and footnote 4.

exhibits, failed to impeach witnesses' trial testimony when it differed from their grand jury testimony or statements to police, failed to call witnesses to attack the credibility of prosecution witness, and was unprepared.  *See* Doc. 1 at 4a, pp. 5-8.  Petitioner attempted to raise the issue of Mr. Whitehead's failure to elicit testimony from a medical expert and his failure to call witnesses who would have provided an alibi defense in his opposition to the New Mexico Court of Appeals Proposed Affirmance of Petitioner's appeal; however the Court of Appeals noted that issues of ineffective assistance of counsel could not be brought in direct appeal.  Answer Ex. E at 7; RP 259. Petitioner raised these issues in his state and federal petition and as noted above, Petitioner's state habeas petition was denied on the ground that "it plainly appears from the face of the Petition, any annexed exhibits and the prior proceedings in the case that [Petitioner] is not entitled to relief as a matter of law."  RP 282-311, 312; Doc. 1.  Also in his opposition to the Proposed Affirmance, Petitioner alleged it was error for the trial court not to verify the certification of its interpreters even though Mr. Whitehead maintained that they were certified.[8]  Answer Ex. E at 8-9.  The Court of Appeals noted that because the issue was not raised during trial, it had not been preserved on appeal. RP 259.  In his petition, however, Petitioner alleges that it was not the trial court's error, but rather, Mr. Whitehead's error not to verify the certification of the Navajo-speaking interpreters. *See* Doc. 1 at 4a, p. 7.

27.     Petitioner fails to meet the first prong of the *Strickland* test because he fails to show that Mr. Whitehead's "performance was deficient" or fell below an objective standard of

---

[8] The issue of whether the trial court complied with the New Mexico Court Interepreters Act, NMSA 1978, § 38-10-01 *et seq* when appointing a translator is a question of state law and is not cognizable in federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Respondent is correct to point out that the burden remains on Petitioner to establish both prongs of the *Strickland* test.

reasonableness." *Strickland*, 466 U.S. at 687-88.  Petitioner does not indicate who Mr. Whitehead should have contacted for further alibi testimony; he does not indicate which medical expert Mr. Whitehead should have contacted; he does not indicate which exhibits were undisclosed; he does not indicate how witnesses' trial testimony differed from their grand jury testimony or statements to police; he does not state who could attack the credibility of prosecution witnesses; he does not indicate how Mr. Whitehead was unprepared, and he does not present any evidence that the interpreters who were selected to aid a juror were uncertified. *See* Doc. 1 at 4a, pp. 5-8.  According to Petitioner, Mr. Whitehead believed the interpreters were in fact certified.  Answer Ex. E at 8.  Mr. Whitehead indicated to the trial court that he was prepared to go to trial and had all the discovery he needed.  Trial 9/11/01, Tape H13.  As noted above when discussing Ms. Rodriguez's representation, Petitioner presented no sworn testimony from potential additional alibi witnesses or witnesses who would attack the credibility of the state's witnesses, nor does he show that such witnesses would have testified at trial.  *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990).  In sum, Petitioner's allegations are conclusory and fail to show that Mr. Whitehead's performance was completely unreasonable.  Thus, Petitioner fails to meet his burden under the first prong of the *Strickland* test. *Hoxsie*, 108 F.3d at 1246 (internal citation omitted); *Strickland*, 466 U.S. at 687-88.

28.     Even if the court assumes that Mr. Whitehead's performance was deficient and fell below an objective standard of reasonableness, each of Petitioner's claims fails the second prong of the *Strickland* test which requires Petitioner to show that but for counsel's errors, "the result of the proceeding woul have been different." *Strickland*, 466 U.S. at 694.  First, Petitioner fails to show how Mr. Whitehead's failure to procure an additional alibi witness prejudiced him when Mr.

Whitehead had already presented testimony from four alibi witnesses: Patricia Yazzie, Priscilla Yazzie, Vangie Valdez, and Seragio Hood.  Trial 9/19/01, Tapes H435-H437.  The court must give deference to Mr. Whitehead's strategic decision not to put on more alibi testimony.  *Strickland*, 466 U.S. at 689-690.  Second, as for Mr. Whitehead's failure to procure the testimony of a medical expert, Petitioner was able to voice this concern in court on September 11, 2001 at which point counsel for the State indicated that there was no direct DNA evidence that linked Mr. Whitehead to the crime and as such, it was proper for Mr. Whitehead not to consult an expert since the expert did not have any DNA evidence to rebut.  Trial 9/11/01, Tape H413.  Indeed, as discussed above[9], at trial Ms. Scholl testified that there was no DNA evidence linking Petitioner to the evidence at the crime scene.  Trial 9/18/01, Tapes H431-H432.  Thus, Petitioner was not prejudiced by Mr. Whitehead's correct decision not to hire a medical expert.  Third, as far as translator certification, according to Petitioner, Mr. Whitehead maintained that the interpreters were certified.  Answer Ex. E at 8.  If that was the case, Petitioner is clearly not prejudiced since the interpreters were certified and even if the interpreters were not certified, Petitioner completely fails to show how that failure prejudiced him. Fourth, with regard to the undislosed exhibits, Petitioner does not state with specificity what these exhibits are.  As such, Petitioner has not shown that he was prejudiced by the alleged non-disclosure.[10]  Fifth, Petitioner alleges that he notified Mr. Whitehead about various inconsistencies between witnesses' testimony and their grand jury testimony or statemeents to police officers but

---

[9] *See infra* p. 15.

[10] To the extent that Petitioner is referring to trial exhibits, there is no constitutional requirement for the prosecution to disclose such evidence prior to trial.  *Gray v. Netherland*, 518 U.S. 152, 168 (1996).  As such, Mr. Whitehead would have no basis to file a motion to suppress and could not have rendered ineffective counsel for failing to file one.  *Strickland*, 466 U.S. at 687-88, 694.

that "counsel refused to attack these discrepancies." Doc. 1 at 4a, p. 8. The court must give deference to Mr. Whitehead's strategic decision not to impeach witnesses on perhaps trivial details. *Strickland*, 466 U.S. at 689-690. Sixth, As to Mr. Whitehead's failure to introduce witnesses who would question the credibility of the state's witnesses, Petitioner claims that these witnesses would have testified as to the whereabouts of the state's witnesses at the time Petitioner was committing the crimes of which he was convicted; however, Petitioner does not indicate who these witnesses are. Doc. 1 at 4a, p. 8. However, Petitioner made Mr. Whitehead aware of these alleged witnesses and again the court must give deference to Mr. Whitehead's strategic decision not to introduce these witnesses. *Strickland*, 466 U.S. at 689-690. Finally, as to Mr. Whitehead's alleged unpreparedness, Mr. Whitehead indicated to the court that he had all the discovery he needed and appeared to be ready for trial; Petitioner's conclusory allegation that Mr. Whitehead was unprepared is not sufficient to show that Mr. Whitehead was in fact unprepared. Trial 9/11/01, Tape H413. Reviewing the trial record it does not appear as if Mr. Whitehead was unprepared as he cross-examined witnesses who conducted various biological tests and elicited answers that there was no biological evidence which linked Petitioner to the crime scene and he also put on alibi witnesses. Trial 9/18/01, Tapes H431-H432; Trial 9/19/01, Tapes H435-H437. Petitioner fails to show that Mr. Whitehead's actions resulted in prejudice, as required by *Strickland* and the state court decision, though cursory, shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenese federal law as required by 28 U.S.C. § 2254 and the AEDPA. RP 312; *Strickland*, 466 U.S. at 694; *Aycox*, 196 F.3d at 1177-78. Therefore, I recommend that the petition with regard to Petitioner's claims of ineffective assistance of counsel against Mr. Whitehead regarding

the motion to suppress evidence, his alleged unpreparedness, his failure to elicit medical expert testimony, and his failure to make certain that court appointed interepreters were certified be denied.

### PROSECUTORIAL MISCONDUCT

29.     Petitioner states seven claims of prosecutorial misconduct: 1) the State tested a large amount of evidence but did not provide it to defense for independent testing, 2) such evidence was obtained without a valid search warrant, 3) the State should have moved for a change of venue, 4) the State did not stop witnesses from testifying in ways that were inconsistent with their grand jury testimony or their testimony to police, 5) the State failed to notify defense of its intent to use exhibits at trial, 6) the State introduced physical evidence taken from the crime scene, 7) the jury was given evidence while deliberating.[11]  Doc. 1 at 4b, pp. 1-2.  These claims were brought in Petitioner's state habeas petition and were denied summarily on the ground that "Defendant is not entitled to relief as a matter of law."  RP 312.  As explained below, I recommend that Petitioner's writ of habeas corpus with regard to claims of prosecutorial misconduct be denied.

30.     Generally, Petitioner must show that the prosecutorial misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Mayes v. Gibson*, 210 F.3d 1284, 1293 (10th Cir. 2000)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, (1974)).  However, when the impropriety complained of effectively deprived the defendant of a specific constitutional right, such as the right to remain silent, a habeas claim may be established without requiring proof that the entire trial was thereby rendered fundamentally unfair.  *Mahorney v.*

---

[11] The Court will not address the issue of procedural default, as it has not been raised by Respondent.  The Tenth Circuit has pointed out, "[Respondent's]complete failure to assert the procedural bar defense weighs heavily against its *sua sponte* enforcement." *United States v. Wiseman*, 297 F.3d 975, 980 (10th Cir. 2002).

*Wallman*, 917 F.2d 469, 472 (10th Cir. 1990).  Because Petitioner is not alleging that the prosecutorial misconduct deprived him of a specific constitutional right, the standard as outlined in *Mayes* and *Donnelly* applies.

31.     Petitioner claims the State tested "a large amount of evidence" but did not provide it to the defense for independent testing.  Doc. 1 at 4b, p.1.  Petitioner does not describe what this evidence is and he does not allege that this evidence was offered against him a trial; thus, he fails to show how his trial was "so infected with unfairness as to make the resulting conviction a denial of due process." *Mayes*, 210 F.3d at 1293.   Further, as noted above, testimony at trial indicated there was no physical evidence presented that connected Petitioner to the crime; thus, it does not appear that Petitioner was prejudiced by the purported lack of independent testing.  Trial 9/18/01, Tapes H431-H432.  The state court decision, though cursory, shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law to wit, *Mayes v. Gibson*, 210 F.3d at 1293, as required by 28 U.S.C. § 2254 and the AEDPA.  RP 312; *Aycox*, 196 F.3d at 1177-78.

32.     Petitioner then alleges prosecutorial misconduct stating that evidence was obtained without a valid search warrant.  Doc. 1 at 4b, p. 1.  As discussed above with regard to the representation of Ms. Dominguez and Mr. Whitehead, the search warrant appeared to be valid, and the items collected did not go beyond that scope of the search warrant.  RP 52.  Further, Respondent is correct to point out that items collected pursuant to the search warrant were not entered as evidence against him at trial.  RP 52, 159.  As such, Petitioner's  second claim of prosecutorial misconduct fails.  *Mayes v. Gibson*, 210 F.3d at 1293.  The summary state court decision on the

merits shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law, as required by 28 U.S.C. § 2254 and the AEDPA.  RP 312; *Aycox*, 196 F.3d at 1177-78.

33.     Petitioner next claims that it was prosecutorial misconduct for the State not to move for a change of venue.  Doc 1 at 4b, p. 1.  This matter was discussed above with regard to Mr. Whitehead's representation of Petitioner.[12]  In short, the trial court stated it would deny such a motion if made by Petitioner and the New Mexico Court of Appeals found that it was not ineffective assistance of counsel when Mr. Whitehead did not file one as it would have been rejected.[13]  *See* Trial 12/11/00, Tape H-657; RP 255-256.  Accordingly, the State did not engage in prosecutorial misconduct by not filing a motion to change venue either.  Again, Petitioner fails to show how through clear and convincing evidence that his trial was "so infected with unfairness as to make the resulting conviction a denial of due process" and the summary state court decision on the merits shall be given deference. RP 312; *Mayes*, 210 F.3d at 1293; *Aycox*, 196 F.3d at 1177-78.

34.     Petitioner's fourth claim of prosecutorial misconduct is that the State did not stop its witnesses from testifying in ways that were inconsistent with their grand jury testimony or statements to police.  Doc. 1 at 4b, pp. 1-2.  Petitioner does not state what these inconsistencies are but accused Mr. Whitehead of ineffective assistance of counsel for the same failure.  *See* Doc. 1 at 4a, p. 8. Petitioner presents no evidence that the State knowingly presented witness testimony that was untrue. Perhaps the testimony was vulnerable for impeachment purposes but offering the testimony was not

---

[12] *See infra* pp. 18-19 and footnotes 5-6.

[13] There is no reason to believe the State's Motion for Change of Venue would have been treated differently than Petitioner's nor does Petitioner allege such.

prosecutorial misconduct under *Mayes*. *Mayes*, 210 F.3d at 1293. Petitioner fails to meet his burden on his fourth claim of prosecutorial misconduct and as before, the summary state court decision on the merits shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law, as required by 28 U.S.C. § 2254 and the AEDPA. RP 312; *Mayes*, 210 F.3d at 1293; *Aycox*, 196 F.3d at 1177-78.

35.    Petitioner's fifth claim of prosecutorial misconduct is that the State failed to notify the defense in advance of the exhibits it planned to use at trial. Doc. 1 at 4b, p. 2. The New Mexico Rules of Criminal Procedure do not require such a notification and as noted in Footnote 10, there is no constitutional requirement for the prosecution to disclose exhibits prior to trial. *Gray v. Netherland*, 518 U.S. 152, 168 (1996). Again, Petitioner has no cognizable claim of prosecutorial misconduct and he has failed to show through clear and convincing evidence that the state court decision contravenes federal law. RP 312; *Mayes*, 210 F.3d at 1293; *Aycox*, 196 F.3d at 1177-78.

36.    Petitioner's final two claims of prosecutorial misconduct are that the prosecution introduced evidence from the crime scene, specifically socks and bandanas, during the trial and that it permitted the jury to take items into the jury room during deliberations. Doc. 1 at 4b, p. 2. The prosecution is allowed to introduce evidence from the crime scene. Whether exhibits can be taken into the jury room during deliberations is not within the province of the prosecution.[14] Thus, Petitioner, again, has failed to show prosecutorial misconduct and he has failed to show through clear and convincing evidence that the state court decision contravenes federal law. RP 312; *Mayes*, 210

---

[14] Further, the New Mexico Rules of Criminal Procedure permit jurors, upon request, to review any exhibit during its deliberations. N.M.R.Crim.P. 5-609(C)

F.3d at 1293; *Aycox*, 196 F.3d at 1177-78.   Thus, I recommend that Petitioner's writ of habeas corpus with regard to claims of prosecutorial misconduct be denied.

### JUDICIAL MISCONDUCT

37.     Petitioner presents five claims of judicial error: 1) the trial court erred in denying Petitioner's Motion for a change of venue, 2) the court failed to enforce two discovery motions filed by defense counsel, 3) defense was unable to adequately prepare when the court moved the trial date from November 2001 to September 2001, 4) the court allowed the State, without notifiying the Court or defense, to enter and use exhibits during the trial, and 5) Judge Harrison's resignation indicated that he abused his authority as a trial judge.   Doc. 1 at 4c, p. 1.   These claims were brought in Petitioner's state habeas petition and were denied summarily on the ground that "Defendant is not entitled to relief as a matter of law."   RP 312.   I recommend that the petition with regard to claims of judicial misconduct be denied.

38.     The change of venue issue has been discussed above with reference to Mr. Whitehead's representation[15] and the New Mexico Court of Appeals decision upheld the trial court's ruling that it would not grant the motion for change of venue if it were formally filed.   RP 250. Neither the trial court's conclusions nor those of the New Mexico Court of Appeals were contrary to clearly established federal law; further, they did not involve an unreasonable application of clearly established federal law.   *Fields*, 277 F.3d at 1217.   This Court must "presume state court factual findings are correct, absent clear and convincing proof to the contrary."   *Romano*, 278 F.3d at 1150 (cititing 28 U.S.C. § 2254(e)(1)).   A review of the record indicates that Petitioner has failed to rebut

---

[15] *See infra* pp. 18-19 and footnotes 5-6.

that presumption with clear and convincing evidence. *Hooper*, 314 F.3d at 1167.  Substitution of the federal court's judgment for that of the state court would contravene the AEDPA's statutory mandate. *Yarborough*, 124 S.Ct. at 2150, and *McLuckie*, 337 F.3d 1193 (10th Cir. 2003).  As such, Petitioner is not entitled to relief on his claim that the trial court erred for not granting the motion to change venue.

39.     Petitioner alleges that Judge Harrison failed to insure the fairness of the proceedings by not enforcing its orders for discovery. Doc.18 at 7.  Petitioner does not indicate to which orders he is referring.  At any rate, Respondent is correct to point out that the claim was procedurally defaulted by Petitioner's failure to raise it on direct appeal. *Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998).  Further, as noted above, on September 11, 2001, Mr. Whitehead indicated to the court that he had obtained all discovery requested.  Trial 9/11/01, Tape H413.  Thus, even if the trial court did not enforce its orders for discovery, it did not lead to a constitutional deprivation since Petitioner was not in any way prejudiced: Mr. Whitehead indicated that he had all discovery that was requested and was prepared for trial.  TR 9/11/01, Tape H413.  Thus, Petitioner, again, has failed to show judicial misconduct and he has failed to show through clear and convincing evidence that the state court decision contravenes federal law.  RP 312; *Aycox*, 196 F.3d at 1177-78.

40.     Petitioner next argues that it was error for the trial court to move the trial from November 2001 to September 2001 because defense was unable to adequately prepare as a result and could not file exhibits in compliance with the rules of criminal procedure.  Doc. 1 at 4c, p. 1.  It should be noted that Mr. Whitehead began his representation on April 2, 2001 and the trial dates had been changed on numerous occasions.  For example, trial was set on August 30, 2001 but was

continued by request of the State.  RP 141.  Trial was then reset for October 18, 2001 and it was again moved back to November 30, 2001.  RP. 143, 148.  By Order of September 5, 2001, the trial court moved the trial to September 18, 2001.  A hearing was held on September 11, 2001, six days after Mr. Whitehead had notice of the change.  At the hearing, Judge Harrison discussed that the case would be tried beginning on September 18, 2001 and Mr. Whitehead indicated that he had all discovery and was prepared for trial.  Tr. 9/11/01, Tape H413.  Thus, the fact that the trial date was earlier than November 30, 2001, did not prejudice Petitioner as his counsel was fully prepared to go to trial and moving the trial date clearly did not result in a constitutional deprivation.  With regard to the exhibits, assuming a rule exists with regard to the filing of exhibits, Petitioner has not shown that any of the defense exhibits were excluded from the trial or that such exclusion led to the denial of a constitutional right.  Thus, Petitioner, again, has failed to show judicial misconduct and he has failed to show through clear and convincing evidence that the summary state court decision contravenes federal law.  RP 312; *Aycox*, 196 F.3d at 1177-78.

41.     Petitioner next claims that the Judge Harrison erred when he permitted the State to introduce undisclosed exhibits at trial.  This matter has been fully discussed with regard to ineffective assistance of counsel claims against Mr. Whitehead as well as Petitioner's claims of prosecutorial misconduct.[16]  As before, this claim has no merit and fails to state a cognizable claim of constitutional deprivation.  Finally, Petitioner alleges that Judge Harrison's resignation and the reasons for his resignation indicate that he was denied a fair trial.  Doc. 1 at 4c, p. 1.  This claim is wholly without merit as Judge Harrison's resignation had no bearing on the validity of Petitioner's conviction.  Thus,

---

[16] *See infra* pp. 21-23, 28 and footnote 10.

31

Petitioner, again, has failed to show judicial misconduct and he has failed to show through clear and convincing evidence that the state court decision, though cursory, contravenes federal law. RP 312; *Aycox*, 196 F.3d at 1177-78. As such, I recommend that Petitioner's writ of habeas corpus with regard to claims of judicial misconduct be denied.

### SUFFICIENCY OF THE EVIDENCE

42.     Petitioner alleges that the evidence was insufficient to support his convictions. Doc. 1 at 4d, pp. 1-3. The thrust of his argument is that the victim's testimony and conflicted with that of the State's medical expert, Margaret Bradley. *Id.* For example, according to the Petitioner, during her grand jury testimony the victim stated that she was only penetrated vaginally but the medical expert testified at trial that the victim was penetrated both vaginally and anally. *Id.* at 4d, pp. 1-2, Trial 9/18/01, Tape H433. He also states that the remaining witnesses for the State gave conflicting testimony. *Id.* at 4d, p. 1. In short, according to Petitioner all of the State's witnesses gave conflicting accounts and as such there was insufficient evidence to support his conviction. *Id.* at 4d, pp. 1-3. This claim was first brought in Petitioner's state habeas petition and was denied summarily on the ground that "Defendant is not entitled to relief as a matter of law." RP 312. I recommend that the petition with regard to his claim of sufficiency of the evidence be denied.

43.     In evaluating a challenge to a state criminal conviction brought under § 2254, the applicant is entitled to habeas corpus relief if it is found that upon the record of evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In reviewing the record, I must view the evidence in light most favorable to the prosecution. *Id.* at 319. The court may not weigh conflicting evidence or consider

the credibility of wtinesses. *Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir. 1993). Rather, the Court must accept the jury's resolution of the evidence as long as it is within the bounds of reason. *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993).

  44. Petitioner's claim that there was insufficient evidence to support his conviction turns solely on what he considers to be conflicting evidence as well as the credibility of witnesses. *See* Doc. 1 at 4d, pp 1-3. The jurors were correctly instructed at trial, "[the jurors] alone are the judges of the credibility of the witnesses and the weight to be given to the testimony of each of them. In determining the credit to be given any witness, [the jurors] should take into account the witness's truthfulness or untruthfulness, ability and opportunity to observe, memory, manner while testifying, any interest, bias or prejudice the witness may have and the reasonableness of the witness's testimony, considered in light of all of the evidence in the case." RP 185. As noted above, this court cannot review the issues of conflicting evidence and the credibility of witnesses. *Roberts*, 998 F.2d at 808. As such, Petitioner's claim with regard to the sufficiency of the evidence fails. Further, after thoroughly reviewing the evidence presented at trial, I am satisfied that the jury's decision was within the bounds of reason. *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993). Thus, Petitioner has failed to show that there was insufficient evidence for his conviction and he has failed to show through clear and convincing evidence that the state court decision, though cursory, contravenes federal law. RP 312; *Aycox*, 196 F.3d at 1177-78. As such, I recommend that Petitioner's writ of habeas corpus with regard to sufficiency of the evidence must be denied.

### LEGALITY OF THE SENTENCE

45.     Petitioner claims that his sentence was illegal for two reasons.  First, he claims that the trial court should have imposed only one sentence on his convictions for two counts of criminal sexual penetration.  Doc. 1 at 4e, p. 1.  Second, he alleges that the sentence was illegal because each of Petitioner's convictions was enhanced due to his status a habitual offender and he claims that only his total sentence package should have been enhanced.  *Id.*  These claims were first raised in Petitioner's state petition for writ of habeas corpus and was denied on the ground that "Defendant is not entitled to relief as a matter of law."  RP 312.  I recommend that the petitition with regard to Petitioner's claim that his sentence was illegal be denied.

46.     Respondent argues that these claims have been procedurally defaulted by Petitioner because he did not raise these issues on direct appeal.  Doc. 15 at 18-20.  A federal court may not consider issues raised in a § 2254 petition that were defaulted in state court on an independent and adequate procedural ground, unless Petitioner can demonstrate cause and attendant prejudice, or a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991); *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000).

47.     Petitioner was required to file an appeal stating these claims as grounds for relief within thirty days of judgment.  *See* Rule 12-201(A)(2) NMRA 2004.  The Tenth Circuit has held that the direct appeal requirement constitutes an independent and adequate state law ground for the purposes of procedural default.  *Shanks*, 143 F.3d at 1318.  Accordingly, Petitioner's claims with regard to the legality of his sentence are procedurally barred unless Petitioner can demonstrate cause

for the procedural default and attendant prejudice, or that a fundamental miscarriage of justice will occur if the claim is not given federal habeas review.  *Coleman*, 501 U.S. at 749-750.

48.     Because New Mexico courts have required that each of a defendant's multiple felonies be enhanced on the basis of a prior felony conviction and because New Mexico intends for defendants to be punished for more than one offense for multiple acts of criminal sexual penetration, Petitioner has not shown this court that his sentence is in fact illegal.  *See State v. Howard*, 108 N.M. 560, 561 (N.M. Ct. App. 1989); *Herron v. State*, 111 N.M. 357, 362-363 (N.M. 1991).  Consequently, a fundamental miscarriage of justice would not occur if the Court does not review this claim.  The state court decision, though, cursory, shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law as required by 28 U.S.C. § 2254 and the AEDPA.[17]  RP 312; *Aycox*, 196 F.3d at 1177-78.  Therefore, I recommend that the petition with regard to regard to Petitioner's claim that his sentence was illegal be denied.

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

49.     Petitioner alleges that appellate counsel, Will O'Connell, was ineffective for two reasons.  First, Petitioner alleges that there was a conflict of interest between Petitioner and counsel and second, Petitioner alleges that counsel was ineffective because Petitioner was unaware of the issues Mr. O'Connell raised on appeal.  Doc. 1 at 4g, p. 1.  Petitioner first raised these claims in his state petition which was denied on the ground that "defendant is not entitled to relief as a matter of

---

[17] The Court notes that *Blakely v. Washington*, is not implicated because Petitioner received enhancements of his sentence due to a prior felony conviction and such an enhancement is not required to be submitted to a jury and proved beyond a reasonable doubt.  *Blakely v. Washington*, 124 S. Ct. 2531(2004)(quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, (2000)).

law." RP 312.   I recommend that the petitition with regard to Petitioner's claim of ineffective assistance of appellate counsel be denied.

50.     The *Strickland* standard applies to appellate counsel; thus, Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced thereby, meaning "he must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).  Further, appellate counsel need not "raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.

51.     Petitioner's allegation that a conflict existed between him and counsel is conclusory; Petitioner merely states that he was told a conflict existed but does not allege any facts that the suggest the existence of an actual conflict.  Doc. 1 at 4g, p. 1.  As such, Petitioner fails to satisfy either prong of the *Strickland* test.  *Robbins*, 528 at 285-86.  With regard to Petitioner's claim that he was not told what issues were raised on his appeal, this does not raise an issue of constitutional deprivation.  Further, if Petitioner is alleging that certain issues were not appealed and should have been, as noted above, appellate counsel need not "raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.  The court should defer to counsel's strategic choice of appealing only those claims he found meritorious. *Strickland,* 466 U.S. at 689-690.  The state court decision, though cursory, shall be given deference as Petitioner has failed to show through clear and convincing evidence that the state court decision contravenes federal law as required by 28 U.S.C. § 2254 and the AEDPA. *Aycox*, 196 F.3d at 1177-

78. Therefore, I recommend that the petition with regard to regard to Petitioner's claim of ineffective assistance of appellate counsel be denied.

**EVIDENTIARY HEARING**

52.    In his response to Respondent's Motion to dismiss, Petitioner requests an evidentiary hearing.  Doc. 18 at 10.  Petitioner's Motion for an Evidentiary Hearing should be denied.  While there is no indication that Petitioner failed to diligently seek to develop the factual basis underlying his claims in state court, his allegations, if true and uncontroverted by the existing record would not entitle him to habeas relief.[18]  *See* 28 U.S.C. § 2254(e)(2); *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998).  Therefore, Petitioner is not entitled to an evidentiary hearing and I recommend his Motion be denied.

**Recommended Disposition**

I recommend that Respondent's Motion to Dismiss be **GRANTED** that the Petition be **DISMISSED WITH PREJUDICE.**  I further recommend that Petitioner's request for an evidentiary

---

[18] The burden on Petitioner to obtain an evidentiary hearing on a 28 U.S.C. § 2254 petition is a heavy one.  The statute specifically states the following in subpart (e):

(e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2)If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
    (A) the claim relies on--
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable factfinder would have found the applicant guilty of the underlying offense.  28 U.S.C.A. § 2254(e) (2004).

hearing be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §

636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and

recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed

findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd.

NW Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed

if that party wants to have appellate review of the proposed findings and recommendations.  If no

objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**